**Goldie MILLER, as Executrix of the Estate of Sarah M. Potok, Plaintiff,**

v.

**UNITED WELFARE FUND, Defendant.**

**No. 93 CV 2057 (JRB).**

United States District Court, E.D. New York.

March 1, 1994.

72

Bernard D'Orazio, Khosrova & D'Orazio, New York City, for plaintiff.

Stephen H. Kahn, Kahn Opton Handler Gottlieb & Feiler, New York City, for defendant.

## MEMORANDUM AND ORDER

BARTELS, Senior District Judge.

Plaintiff Goldie Miller brings this action on behalf of her deceased sister, Sarah Potok, against defendant United Welfare Fund to recover medical benefits under the Employment Retirement Income Security Act ["ERISA"], 29 U.S.C. § 1132(a)(1)(B). The parties have each moved for summary judgment pursuant to Federal Rule of Civil Procedure ["Rule"] 56. For reasons more fully explained herein, the cross-motions for summary judgment are denied.

## FACTS

The United Welfare Fund ["the Fund"] is an "employee welfare benefit plan" as defined by ERISA. The Fund employed Aetna Life Insurance Company as a third-party administrator to process claims. The Agreement and Declaration of Trust governing the Fund, as amended July 16, 1990, provides that the Fund Trustees have "discretionary authority to construe the terms of the Plan and to determine eligibility for benefits thereunder." The Fund's Basic and Major Medical Benefits Plan ["the Plan"] provides coverage for nursing services as follows:

Professional nursing services by a registered graduate nurse (R.N.), or licensed practical nurse (L.P.N.) where medically necessary for the care and treatment of a diagnosed sickness or injury and certified as such by the attending Physician.... Nursing services performed to help or supervise a patient's basic needs, administer to the patient's activities of daily living or

·provide custodial care are not covered.... Private duty nursing services are covered only to the extent that they are medically necessary.

In October 1990, Sarah Potok, a participant of the Fund, was hospitalized at New York University Hospital for emergency coronary bypass surgery. On December 18, 1990, Potok filed a Benefit Request Form seeking reimbursement in the amount of $14,060.50 for private duty nursing care during her hospital stay. The claim included a letter from Dr. James A. Blake, Potok's cardiologist, stating that Potok's "medical team recommended to her that she have full time private duty nursing", and that "the thorough nursing care which she received is in large part responsible for the superb improvement which this patient demonstrated." Although she recovered from the cardiac surgery, Potok died of hepatitis in March 1991.

On March 7 and April 10, 1991, Aetna requested additional information, including a copy of the nursing notes, to support Potok's claim for private duty nursing expenses. Potok's sister, Goldie Miller, forwarded a copy of the notes as requested. On June 26, 1991, Aetna informed Miller that the claim was denied, stating:

> For nursing services rendered during a hospital confinement to be medically necessary, the nature of the illness or injury must require constant medical care that could not have been performed by the general nursing staff. In our opinion, the care rendered could have been rendered by the hospital's nursing staff. ·.

The letter from Aetna advised plaintiff that she had a right to review of the benefits determination and explained the procedure for obtaining review.

On April 29, 1993, a sub-committee of the Fund's Board of Trustees met and· considered plaintiff's appeal of the denial of her claim. By letter dated June 23, 1992, the Administrator of the Fund, Edward L.· Byrne, informed plaintiff that her appeal had been denied, for the same reason initially offered by Aetna. At Byrne's deposition on September 21, 1993, he testified that he was present at the April 29 meeting, but had no independent recollection of the Board's con-

sideration of plaintiff's claim. Byrne further stated that the Trustees based their decision to deny the appeal on three factors: Dr. Blake's letter, the notes prepared by the private duty nurses, and Aetna's recommendation.

On April 15, 1993, plaintiff Goldie Miller, as Executrix of the Estate of Sarah M. Potok, filed an action against the Fund in the Civil Court of the State of New York for the County of Queens. Defendant subsequently removed the suit to this court. In this federal action, plaintiff seeks payment of the claim for Potok's private duty nursing care pursuant to ERISA.

Defendant has moved for summary judgment, claiming that the court should defer to the decision of the Board of Trustees. In opposition, and in support of her motion for summary judgment, plaintiff claims the denial of benefits by the Trustees was arbitrary and capricious, and deprived her of rights guaranteed by ERISA.

### · DISCUSSION

### I. STANDARD FOR SUMMARY JUDGMENT

■ Rule 56 states that summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." The burden is on the movant to establish the absence of any genuine issues of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 .U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Further, the court must construe the facts in the light most favorable to the non-moving party. *Meiri v. Dacon,* 759 F.2d 989, 997 (2d Cir.), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985). However, the non-movant "may not defeat a motion for summary judgment merely by pointing to a potential issue of fact; there must be a genuine issue of material fact." *Moller v. North Shore University Hospital,* 12 F.3d 13, 15 (2d Cir. 1993), quoting *City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 45 (2d Cir.1988).

74

## II. STANDARD OF REVIEW UNDER ERISA

The Supreme Court has held that "a denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989). *See also Masella v. Blue Cross & Blue Shield of Connecticut, Inc.*, 936 F.2d 98, 102 (2d Cir.1991). When the plan trustees are given discretion to determine eligibility, however, the court shall view their decisions with "a strong measure of deference" and may only reverse the trustees' actions if the court finds them to be arbitrary and capricious. *Schwartz v. Newsweek, Inc.*, 827 F.2d 879, 881 (2d Cir.1987); *Seff v. National Organization of Industrial Trade Unions Insurance Trust Fund*, 781 F.Supp. 1037, 1040 (S.D.N.Y.1992). *See also Novak v. TRW, Inc.*, 822 F.Supp. 963, 971 (E.D.N.Y.1993).

In this case, the July 16, 1990 amendments to the Agreement and Declaration of Trust governing the Fund specifically grant the trustees discretion to determine eligibility under the Fund's benefit plan. Therefore, plaintiff may only prevail in this action if the Fund's denial of her claim for Potok's private duty nursing care was arbitrary or in bad faith. *Id.*

## III. FULL AND FAIR REVIEW

ERISA explicitly provides that every participant who has been denied benefits is entitled to "full and fair review" of the denial. Section 1133 states that every employee benefit plan shall:

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reason for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. *See also Dawes v. First UNUM Life Insurance Co.*, 1992 WL 350778 at *3, 1992 U.S.Dist. LEXIS 17426 at *7–8 (S.D.N.Y. November 13, 1992). The basic requirements of "full and fair review" include "knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of that evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision." *Grossmuller v. International Union*, 715 F.2d 853, 858 n. 5 (3d Cir.1983) (citing cases).

In this case, the Trustees relied on three factors in reviewing and ultimately upholding the denial of plaintiff's claim. The first item, Dr. Blake's letter, stated that Potok's private duty nursing care was medically necessary and in fact contributed to her excellent recovery following surgery. Therefore, this evidence does not support the Fund's denial of plaintiff's appeal.

Nor does the second item considered by the Trustees, the notes taken by Potok's private duty nurses, support the decision to deny the appeal. Byrne testified at his deposition that he could not understand the meaning of the notes because he is not a doctor. *See* Transcript of Deposition of Edward Byrne, dated September 21, 1993 ["Tr."], at 42–43. Byrne further stated that the Fund Trustees and employees "did not gain tremendous information from the nursing notes." Tr. at 47.

Accordingly, the only information defendant offers to support the Trustees' decision is the initial denial by Aetna, the third-party claims processor employed by the Fund. In support of its motion for summary judgment, defendant has submitted the October 14, 1993 affidavit of Genie Dennis, the Aetna Customer Service Representative who initially denied plaintiff's claim. The Dennis Affidavit states the claim was denied because Potok's private duty nurses engaged in routine patient care such as feeding, cleaning and medication that could have been provided by the hospital floor nurses.

To refute the Dennis Affidavit, plaintiff offers the December 1, 1993 affidavit of Registered Nurse Maria Daly Cho. Cho's review

of the notes taken by Potok's private duty nurses found that the nurses provided more than routine patient care, including performing chest physiotherapy, using an incentive spirometer, and 24–hour–a–day monitoring of Potok's condition that could not have been performed by hospital nurses with an entire floor of patients to attend. The Cho Affidavit, along with Dr. Blake's letter, raise a genuine issue of fact as to whether the private duty nursing care provided to Potok was medically necessary.

 However, the critical issue for resolving this motion is not whether the care was medically necessary, but whether the Trustees acted arbitrarily and capriciously in deciding that it was not. As noted above, the only factor supporting the Fund's denial of plaintiff's appeal is the initial denial of the claim by Aetna. Yet § 1133 of ERISA guaranteed plaintiff the right to a full and fair review of Aetna's denial of her claim. To permit the Fund to rely on Aetna's initial denial to support the Trustee's final decision to deny the claim would deprive plaintiff of her right to a full and fair review and thereby violate ERISA.

Without considering the Aetna denial, the Trustees had before them only Dr. Blake's opinion, which stated that the private duty care was medically necessary, and the nursing notes, which the Trustees did not understand. Based on this information, the Trustees could not have decided reasonably that the private duty nursing care provided to Potok was not medically necessary. Accordingly, the court finds that the Trustee's decision to deny plaintiff's claim for benefits was arbitrary and capricious. *See, e.g., Catania v. NYSA–ILA Severance Benefit Fund,* 1992 WL 176502, 1992 U.S.Dist. LEXIS 10985 (S.D.N.Y. July 15, 1992) (denial of benefits was arbitrary and capricious where Board's decision relied on improper considerations.) Therefore, defendant's motion for summary judgment must be denied.

With respect to plaintiff's motion for summary judgment, the court finds that plaintiff has failed to meet her burden of demonstrating the absence of a genuine issue of material fact. As previously stated, the contradictory affidavits submitted by Dennis and Cho raise an issue of fact as to whether the private duty nursing care received by Potok was medically necessary. Accordingly, plaintiff's motion for summary judgment must also be denied.

## CONCLUSION

For all of the foregoing reasons, the cross-motions for summary judgment are DENIED.

SO ORDERED.